*E-Filed 7/14/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIGUEL VILLANUEVA, | No. C 09-0860 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| ROBERT K. WONG, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 1992, an Orange County Superior Court jury convicted petitioner of conspiracy to commit second degree murder, first degree burglary, and the use of a weapon. The trial court sentenced petitioner to fifteen years to life. In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole on grounds that he "would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Ans., Ex. 1 at 103.) In response to the Board's decision, petitioner sought, though was denied, relief on state

collateral review. (Pet. at 5.) This federal habeas petition followed.

In reaching its decision, the Board considered the facts of the commitment offense. In 1992, petitioner and an acquaintance, Ray Veloz, stabbed victim Shawn Brown at a party, allegedly because Brown mocked Veloz's tattoos. (Ans., Ex. 15–16, 19–20.) After the alleged insult, petitioner and Veloz left the party for an hour, during which he smoked marijuana laced with PCP, then returned to the party and assaulted Brown, who spent five days in the hospital recovering from stab wounds to his abdomen, chest, and chin. (*Id*. at 15–16, 23–24.)

In addition to the circumstances of the commitment offense, the Board cited as factors in its decision petitioner's criminal and social history, his behavior in prison, his psychological report, and his parole plans. Petitioner's criminal history includes three convictions for driving under the influence, driving on a suspended license, a conviction for assaulting a police officer, and another conviction for assault and battery. (*Id*. at 40–43.) Petitioner's social history reflects a serious addiction to alcohol, a problem petitioner frankly admitted to having at the parole hearing. According to petitioner, he started drinking and "partying" at age sixteen. (*Id*. at 43.) His social history is also a record of considerable abuse. As a child, petitioner suffered severe beatings and extreme punishments from his father. (*Id*. at 53.) One such punishment entailed petitioner having to strip naked in front of his family and being forced outside the house. (*Id*.) Petitioner also discussed being sexually molested as a child by an adult neighbor. (*Id*. at 51.)

While in prison, petitioner received seven citations for minor misbehavior, including four in 2003 and 2004, and three citations for serious misbehavior, all in 2004, for being disrespectful toward staff. (*Id*. at 57, 61–62.) Petitioner's latest psychological report describes his risk for future violence as low to moderate compared to similar inmates. (*Id*. at 70.) The Board also expressed concern that petitioner, a non-U.S. citizen and native of Mexico, lacked any parole plans for life in Mexico, to which country he will be, as a non-

U.S. citizen felon, deported.[1]  (*Id*. at 82.)  Also, the Board was deeply troubled by petitioner's lack of insight into his crime, which manifested itself in his "minimization" of his participation in the commitment offense, and a "disconnect" in seeing the commitment offense as just an assault, when in fact it was a conspiracy to commit murder.  (*Id*. at 111.)  This "disconnect," according to the Board, "aggravated our ability to assess your remorse, your insight into the crime."  (*Id*.)  In light of all these factors, the Board concluded that petitioner posed an unreasonable threat to public safety and denied him parole.  (*Id*. at 32.)

As grounds for federal habeas relief, petitioner alleges (1) the Board improperly based its decision on a non-existent crime of "second degree conspiracy to commit murder" in violation of due process; (2) there is no evidence to support the Board's conclusion that Petitioner poses a current threat to public safety; (3) the Board's decision was based on contrary standards from California's sentencing matrix; (4) the Board violated due process in applying the "some evidence" standard rather than preponderance of the evidence; (5) the Board improperly relied on the commitment offense and immutable pre-conviction factors to deny parole; (6) the Board's determination that a crime is particularly cruel or egregious was arbitrary, capricious and unconstitutional; (7) the Board's finding that Petitioner needs to work on his parole plans violates due process; and (8) the Board's continued reliance on the commitment offense violates due process.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

---

[1] Petitioner's parole plans for life in the U.S. were fairly extensive.  (*Id*. at 76–82.)

as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety. Due process requires that the Board's decision to deny a California prisoner parole be supported by "some evidence" of current dangerousness. *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Pearson v. Muntz*, No. 08-55728, 2010 WL -- (9th Cir. May 24, 2010) (per curium). Accordingly, in reviewing federal habeas claims that a California prisoner was denied parole in violation of due process, courts must "decide whether the California judicial decision approving the governor's [or the parole board's] decision rejecting parole was an "unreasonable application" of the California "some evidence" requirement, or was "based on an unreasonable determination of the facts in light of the

1 evidence." *Hayward*, 604 F.3d at 562–63.

2    The commitment offense alone does not always provide evidence that a petitioner poses a current threat to public safety. *Id*. at 562. The offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state" supports an inference of dangerousness. *Id*., citing *In re Lawrence*, 44 Cal. 4th 1181, 1214 (Cal. 2008).

    Here, the record shows that there was "some evidence" to support the state court's approval of the Board's parole denial. First, the circumstances surrounding the commitment offense suggest that petitioner is easily provoked, and lacks sufficient self-control, which can result in unpredictable violence. Second, the record establishes that petitioner's pre- and post-conviction history supports an inference of current dangerousness — in particular his turbulent childhood, his admitted severe addiction to alcohol, his convictions for assault, his citations for serious misbehavior in prison, and rating of having a low to moderate risk for violence. While a rating of low to moderate is not conclusively prohibitive, it does constitute some evidence of current dangerousness in addition to the commitment offense. *See Hayward*, 603 F.3d at 570–71 (Berzon, J., concurring).

    It is reasonable to infer from this record of past violence and misbehavior that, if released, petitioner currently poses an unreasonable risk of danger to society, or a threat to public safety. Because the Board's decision is supported by sufficient evidence in the record, including circumstances other than those of the commitment offense, petitioner's claims that the Board's decision was unsupported by "some evidence," was based solely on the circumstances of the commitment offense, that its critique of his parole plans violates due process, and that the Board's decision was based exclusively on immutable factors, (claims 2, 5, 7 & 8) are DENIED.

    Petitioner's remaining claims are also DENIED. Claim one is facially invalid. Petitioner was convicted of conspiracy to commit murder, and the Board did not act amiss or unconstitutionally in considering this conviction in making its decision. Claim three is

denied because the Board is under no duty to use the matrix once it has determined that a prisoner is unsuitable for parole. *See In Re Dannenberg*, 34 Cal. 4th 1069, 1071 (2005). Claim four is denied on grounds that "some evidence" is the lawful standard for parole determinations, as the authorities listed above indicate. Also, claim six is denied because the record does not support petitioner's contention that the Board's evaluation of the crime as egregious was arbitrary, capricious and unconstitutional. Petitioner admitted to the following facts: after deliberating on the matter for at least an hour, petitioner stabbed Brown in the abdomen and chest because Brown mocked Veloz's tattoos. The Board's evaluation of such excessive and deliberate violence over teasing remarks as egregious was not unreasonable. Petitioner's claims are DENIED.

In sum, the state court's approval of the Board's decision, therefore, was not an "unreasonable application" of the California "some evidence" requirement, nor was it "based on an unreasonable determination of the facts in light of the evidence."

## CONCLUSION

The state court's denial of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: July 13, 2010

RICHARD SEEBORG
United States District Judge